UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-CV-23975-JLK

TEXTILE USA, INC.,

        Plaintiff,

v.

TJB VINA CO., LTD., B&Y CO., and
BYUNG NAM LEE,

        Defendants.
_____/

## ORDER GRANTING MOTION TO QUASH SERVICE

THIS CAUSE comes before the Court on Defendant TJB VINA CO., LTD.'s ("TJB") Motion to Dismiss Complaint, or in the Alternative, Motion to Quash (the "Motion") (DE 7).[1] The Court has additionally considered Plaintiff TEXTILE USA, INC.'s ("Textile") Response to the Motion (DE 16), and Defendant's Reply in Support of the Motion (DE 33).

The instant Motion seeks dismissal of the Complaint for lack of personal jurisdiction, failure to perfect service, and failure to state a claim. As the Court is in agreement that Plaintiff has failed to perfect service on Defendant, the Court declines to consider the additional grounds raised by the Motion.

---

[1] The Motion was initially filed on behalf of all three named Defendants. However, Defendant TJB, through its Reply in Support of the Motion (DE 33), requested that the Motion be considered only with respect to Defendant TJB.

1

## BACKGROUND[2]

Plaintiff Textile is a Florida corporation with its principal place of business in Medley, Florida. Defendant TJB is a Vietnamese limited liability company with its principal place of business in Viet Tri City, Vietnam. DE 1-1 at 10, ¶¶ 1, 2. Defendant B&Y Co. ("B&Y) is a Korean limited liability company with its principal place of business in Incheon, Korea. *Id.*, ¶ 3. Defendant Byung Nam Lee, an individual, is a citizen of Korea, as well as the sole shareholder and president of TJB and B&Y. *Id.* at 11, ¶ 4.

Pursuant to procurement agreements with Diageo, a non-party, Textile has been manufacturing embroidered bags for Diageo's Crown Royal brand of whiskey since 2004. *Id.* at 12-13, ¶¶ 15-17. On April 30, 2008, Textile entered into a five-year Manufacture and Supply Agreement with TJB and the other named but not-yet-served Defendants, B&Y and Lee. *See id.* at 13, ¶ 22. Pursuant to the Manufacture and Supply Agreement, Textile arranged for raw materials to be delivered to Defendants, and Defendants provided sewing and other assembly services for the bags. *Id.* Invoices attached to the Complaint show completed bags were shipped by B&Y Co. from Vietnam directly to Canada, with Textile listed as the consignee of the shipment. *Id.* at 27-50.

The Manufacture and Supply Agreement contains confidentiality and non-competition provisions, which prohibit Defendants from "directly or indirectly manufactur[ing] and supply[ing Crown Royal bags] to Diageo or any of its affiliates." *Id.*

---

[2] At the motion to dismiss stage, all well-pleaded factual allegations in the Verified Complaint (DE 1-1 at 10-26) are accepted as true.

2

at 115-16, §§ 7, 8. The prohibition on competition extends for three years following the termination of the Manufacture and Supply Agreement. *Id.* Additionally, on March 29, 2011, Textile entered into a three-year Non-Circumvention Agreement with Defendants, which prohibits Defendants from "directly or indirectly, approach[ing] or solicit[ing] with the intent of manufacturing or supplying [Crown Royal bags] . . . for or to Diageo Canada, Inc. or any of its affiliates." *Id.* at 120, ¶ 2.

Beginning in late 2013, the parties' relationship began to sour when Defendant Lee "advised Textile [] of Defendants' intent to contact Diageo directly and attempt to meet in an effort to form a direct business relationship with Diageo."[3] *Id.* at 15-16, ¶ 34. Subsequently, in November, 2014, Defendants notified Textile that they were terminating their relationship with Textile, and would only provide assembly services for Textile for the next three months. *Id.* at 16, ¶ 37. Defendants then contacted Diageo directly by sending it an email with a new, proposed Manufacture and Supply Agreement, and informed Diageo that Defendants would immediately cease assembling Crown Royal bags and refuse to release any shipments unless Textile executed the Agreement immediately and without modification. *Id.* at 17-18, ¶ 46.

After Textile had executed the agreement "under duress," Defendants demanded that Textile provide them with Textile's raw material supply chain information. *Id.* at 19, ¶ 55, 56. Because Defendants had also threatened to immediately cease manufacturing the Crown Royal bags and thereby cause Textile to default under its procurement

---

[3] "Although the Manufacture and Supply Agreement expired on April 30, 2013, the parties informally extended the terms thereof and Defendants . . . continued to provide services . . . through November, 2014." DE 1-1 at 16, ¶ 36.

3

agreements with Diageo unless Textile provided the supply chain information, Textile supplied the information "under duress." *Id.* On April 30, 2015, Diageo sent notice to Textile of its intent not to renew its procurement agreement with Textile and of its cancellation of the portions of its prior order that were due for delivery from July, 2015 through September, 2015. *Id.* at 20, ¶ 61. In May, 2015, Defendants notified Textile and Textile's supply chain that Defendants would be taking Textile's place as the new manufacturer of Diageo's Crown Royal bags. *Id.*, ¶ 62.

Based upon the facts recited above, Plaintiff brought suit against Defendants in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, alleging claims for breach of contract (Count I), tortious interference with an existing contract (Count II), tortious interference with a business relationship (Count III), theft of intellectual property (Count IV), and unjust enrichment (Count V). Plaintiff served Defendant TJB via substituted service on the Secretary of State of Florida, pursuant to § 48.181, Florida Statutes. Thereafter, Defendants removed this action to the Southern District of Florida and filed the instant Motion.

Plaintiff alleges this Court has jurisdiction over Defendants pursuant §§ 48.181(3) and 48.193, Florida Statutes, due to Defendants' operation of a business in Florida and their substantial and not isolated activities within Florida.[4] *Id.* at 11, ¶ 8.

---

[4] While Plaintiff failed to cite to a specific subsection, § 48.193(1)(a)(2), Florida Statutes, extends the jurisdiction of Florida courts to entities "operating, conducting, engaging in, or carrying on a business or business venture in this state . . . ."

Plaintiff additionally alleges jurisdiction is appropriate pursuant to § 48.193(1)(a)(6)(b),[5] Florida Statutes, because Defendants allegedly caused injury to Textile in Florida and the products manufactured by Defendants were used or consumed in Florida in the ordinary course of commerce, trade, or use. *Id.*, ¶ 9.

## DISCUSSION

Defendant TJB has never been personally served with the Complaint. Rather, Plaintiff served TJB via substituted service upon the Secretary of State of Florida, pursuant to § 48.181(1), Florida Statutes. *See* DE 16 at 25. Defendant argues Plaintiff's attempt at substituted service should be quashed because Defendant was not operating or carrying on a business venture in Florida, such that it would be amenable to substituted service.

Since Defendant was not personally served, jurisdiction cannot be acquired via Florida's long-arm statute, § 48.193, Florida Statutes. *See Underwood v. Univ. of Ky.*, 390 So. 2d 433, 434 (Fla. 3d DCA 1980) ("For service to be effective under Section 48.193, the defendant must be personally served out-of-state pursuant to 48.194 . . . ."). Therefore, if this Court has personal jurisdiction over Defendant, it must arise from 48.181(1), Florida Statutes.

Section 48.181(1) states,

> The acceptance by . . . foreign corporations . . . of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a

---

[5] In its Response to the Motion, Plaintiff states "[t]o be clear, Textile [] does not assert personal jurisdiction under § 48.193(1)(a)(6)." DE 16 at 22. While this statement is verifiably wrong, as shown by the allegations of the Complaint, the Court accepts it as Plaintiff's concession that § 48.193(1)(a)(6) is inapplicable to the instant action.

5

business or business venture in the state . . . constitutes an appointment by the . . . foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them . . . arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the . . . foreign corporations that process against them which is so served is of the same validity as if served personally on the . . . foreign corporations.

§ 48.181, Fla. Stat. As the Complaint does not allege Defendant has an office in Florida, to satisfy the elements of §48.181, Plaintiff's jurisdictional allegations must establish the following: 1) Defendant accepted the privilege to operate, conduct, engage in, or carry on their business in Florida and 2) this action arises out of a transaction or operation connected with or incidental to Defendant's business activities in Florida.

In support of its argument that the Complaint adequately pleads facts supporting the existence of personal jurisdiction over Defendant, Plaintiff points to the following allegations: 1) Defendant Lee traveled to Florida "and engaged in at least one business meeting concerning the business relationship that is the subject of this Action" and 2) "[a]s a result of their consignment and/or sale of the Crown Royal bags to Textile [] and/or DIAGEO in the State of Florida, Defendants . . . are operating, conducting, engaging in, or carrying on a business or business venture in the State of Florida." DE 16 at 15, 17; DE 1-1 at 11-12, ¶¶ 7, 8.

The allegations identified by Plaintiff are insufficient to establish Defendant was operating, conducting, engaging in, or carrying on a business in Florida. The first allegation does not tend to establish Defendants were operating a

business in Florida even if the agreement to enter into a business venture occurred in Florida. The second allegation is merely a conclusion. All performance relating to the agreement occurred outside the United States, with raw materials being shipped from undisclosed locations to Defendant in Vietnam and/or Korea, and finished products being delivered from Korea to Diageo in Canada. Accordingly, the allegations of the Complaint are insufficient to justify this Court's exercise of personal jurisdiction over Defendant TJB following substituted service pursuant to § 48.181(1), Florida Statutes, and service upon Defendant TJB must be quashed.

## CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant TJB VINA CO., LTD's Motion to Dismiss Complaint, or in the Alternative, Motion to Quash **(DE 7)** be, and the same is, hereby **GRANTED** and substituted service upon Defendant TJB VINA CO., LTD be, and the same is, hereby **QUASHED**. Plaintiff **SHALL personally serve** Defendant TJB VINA CO., LTD in accordance with Fed. R. Civ. P. 4 within **sixty (60) days** from the date of this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 28th day of September, 2016.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record